UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KINA HENRY | CIVIL ACTION |
| VERSUS | NO: 23-664 |
| WALMART, INC., ET AL. | SECTION: "A" (4) |

### ORDER AND REASONS

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 11)** filed by Defendants, Walmart, Inc. and Wal-Mart Louisiana, LLC (collectively "Walmart"). Plaintiff, Kina Henry, opposes the motion. The motion, submitted for consideration on September 13, 2023, is before the Court on the briefs without oral argument.

The plaintiff, Kina Henry, filed this lawsuit against Walmart following a slip and fall incident at a Walmart store located in Chalmette, Louisiana. The incident, which was captured on video surveillance, occurred on May 17, 2021. It was raining at the time of the incident and the parking lot had been wet. Henry contends, and the video of the incident confirms, that she slipped and fell almost immediately as she entered the doors at Walmart. Henry claims that she sustained ongoing injuries to her neck and back.

A jury trial in this matter is set for January 29, 2024. (Rec. Doc. 10, Scheduling Order).

Walmart now moves for summary judgment arguing that as a matter of law no unreasonably dangerous condition existed in the store's entryway at the time of the incident, and that Walmart exercised reasonable care to address the condition on the

floor area where Henry fell.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones .v Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. *Id.* (citing *Forsyth v.*

*Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

The Court begins with the fact that the plaintiff slipped and fell in water that was on the floor near the entryway that day. Either Walmart was at fault, or Henry was at fault, or they both were at fault for what occurred. Unless the Court can determine as a matter of law that Walmart had no fault in causing the accident, the case must go to the jury for apportionment of fault. After viewing the video of the incident, the Court finds itself unpersuaded that the plaintiff cannot meet her burden of proof under Louisiana law. The plaintiff has raised valid arguments in her opposition about the placement of the signs in the entryway. And Walmart's contention that the video contradicts the plaintiff's version of events surrounding the dry mopping in the area is incorrect. While it is correct that the employee was dry mopping *before* the incident, the employee only dry mopped the area where the plaintiff actually slipped and fell *after* the incident.

The trier of fact must resolve any conflicts in the evidence. This Court cannot appropriately usurp that role in conjunction with ruling on a motion for summary judgment.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 11)** filed by Defendants, Walmart, Inc. and Wal-Mart Louisiana, LLC, is **DENIED.**

September 26, 2023

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE